PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee
## 2nd Supplemental Petition for Warrant or Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 72]

Name of Offender: Travis Deshan Stewart Case Number: 3:07-00066-01

Name of Sentencing Judicial Officer: Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: December 17, 2007

Original Offense: 18 U.S.C. 922(g)(1): Convicted Felon in Possession of a Firearm.

Original Sentence: 77 months' imprisonment followed by 3 years' supervised release.

Type of Supervision: Supervised Release Date Supervision Commenced: September 28, 2012

Assistant U.S. Attorney: S. Carran Daughtrey Defense Attorney: Mariah Wooten

---

### PETITIONING THE COURT

- ☐ To issue a Summons.
- ☐ To issue a Warrant.
- ■ To consider additional violations/information

---

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
  (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☑ Other consider additional violations

Considered this 27th day of June, 2014, and made a part of the records in the above case.

Honorable William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Place Columbia, TN

Date June 25, 2014

## ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket entry No. 72, has been amended as follows:**

**Violation No. 1 has been amended adding a diluted urine screen on April 14, 2014, and an additional positive drug screen on May 1, 2014. Violation No. 2 has been amended detailing missed random urine screens.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No. Nature of Noncompliance

1. **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

On February 6, 2013, February 19, 2013, and March 7, 2013, Mr. Stewart submitted urine screens at the probation office, which tested positive for marijuana. Mr. Stewart admitted using marijuana on February 1, 2013. He denied any new use for the specimens on February 19, 2013, and March 7, 2013. This officer issued a verbal reprimand to Mr. Stewart for violating his conditions of supervised release by using illegal drugs. Mr. Stewart was re-instructed as to all his conditions and specifically instructed not to possess or use illegal substances.

On December 12, 2013, Mr. Stewart submitted a urine screen which tested positive for Hydrocodone/Hydromorphone. Mr. Stewart initially denied use of any prescription medication. On December 19, 2013, Mr. Stewart advised this officer that he does not use "pills." However, he stated that he had been given medication from a coworker for pain, that he thought was Motrin 800 mg. Mr. Stewart was verbally reprimanded for taking another person's medication and advised him it is illegal to do so.

**On April 14, 2014, Mr. Stewart submitted a urine screen that was diluted and was instructed that he would need to wait and submit another sample in order to obtain a valid test. However, he left and never returned. This officer sent him a text message on April 15, 2014, directing him to report to the office and submit a valid urine screen. Mr. Stewart texted this officer and advised he was waiting on "his ride to get off work" and would report after that. Mr. Stewart did not report that day.**

**This officer left Mr. Stewart a voice message on April 16, 2014, advising him to report that day before 5:00 p.m. and submit a urine screen. Again, Mr. Stewart failed to report. On April 18, 2014, this officer attempted to see the offender at his residence, but he was not home.**

**On April 21, 2014, this officer received a text message from Mr Stewart advising he was going through "some things" and might need to talk with this officer. This officer texted him and again directed him to report that day for a urine screen. Mr. Stewart did not report that day as directed.**

**On April 22, 2014, this officer sent Mr. Stewart a text message directing him to report to the Probation Office the following day for a meeting. Mr. Stewart reported to the office on April 23, 2014, and we discussed why he left the office on April 14, 2014, without submitting a valid urine test. He admitted to this officer that he had used marijuana on Tuesday or Wednesday of that week and didn't have a good excuse why he had used, other than that he has been stressed out due to wanting a divorce from his wife. He was verbally reprimanded and reminded of the conditions of his release, specifically, the condition prohibiting drug use.**

**On May 1, 2014, Mr. Stewart submitted a urine screen which tested presumptively positive for marijuana. The specimen was sent to Alere Laboratories, Gretna, Louisiana, and was confirmed positive. When questioned about the positive test, Mr. Stewart admitted he had used the substance.**

**2.** **The defendant shall participate in a program of drug treatment and testing as directed by the probation officer:**

Mr. Stewart failed to report for urine screens on October 7, 2013, November 6, 2013, November 25, 2013, and January 9, 2014. Regarding the urine screen on October 7, 2013, Mr. Stewart advised he forgot to call the code-a-phone line the night before. On November 25, 2013, the offender reported before 8:00 a.m. to submit a urine screen and then left before a male officer could be found. He did not return that day, and on November 26, 2013, was directed to report but never did. As for the urine screen on January 9, 2014, Mr. Stewart advised he forgot to call as he had been out attempting to find a job.

**Mr. Stewart failed to report for urine screens on March 27, 2014, April 25, 2014, June 13, 2014, and June 24, 2014. On March 27, 2014, this officer sent Mr. Stewart a text message directing him to report to the Nashville Office to submit a urine. He texted back and advised that he forgot to call the code-a-phone line today and would report the following day and was "clean." Regarding the missed urine screens on June 13 and June 25, 2014, text messages were sent to Mr. Stewart advising that he missed them and directing him to report to the Nashville office to submit urine screens, which he did not do.**

**3.** **The defendant shall participate in a program of drug treatment and testing as directed by the probation officer:**

Mr. Stewart did not attend group counseling for the months of August 2013 through December 2013. He was originally referred for a substance abuse intake assessment at Centerstone, in Madison, Tennessee, on October 23, 2012. The assessment was completed on December 5, 2012, and recommended Mr. Stewart participate in Phase 1 outpatient drug treatment, which required him to attend weekly group counseling. He began counseling on January 2, 2013. In September 2013, counseling was reduced to Phase 2 at the recommendation of his counselor. On October 1, 2013, Centerstone advised this officer that Mr. Stewart had not attended any sessions in September 2013, and the last session he attended was on August 21, 2013.

On October 10, 2013, This officer questioned Mr. Stewart as to why he had not attended counseling since August 2013, and he indicated that it was his understanding that this officer had told him he no longer needed to attend. This officer advised him that was not the case, and he needed to get back into counseling as soon as possible. On October 23, 2013, this officer was advised by Centerstone that Mr. Stewart had still not returned to counseling, and a letter was sent to him advising him to return to counseling or he would be terminated for non-compliance. This officer also advised him of such at a home contact on October 25, 2013. This officer met with Mr. Stewart again on December 19, 2013, to discuss this and to determine why he had still not begun counseling. He advised he never received the letter from this officer nor had he heard back from this officer about what class to attend. LaToya Carter with Centerstone was called in his presence and advised Mr. Stewart could begin on January 8, 2014. **Mr. Stewart was terminated from Centerstone on February 4, 2014, due to non-attendance.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Stewart is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since September 28, 2012. **He is currently employed as a cook with Shoney's Restaurant, Nashville, Tennessee. He lives with his cousin in Nashville, Tennessee.** The probation officer completes frequent surprise home visits at the offender's residence. The offender's term of supervision is scheduled to expire on September 27, 2015.

On November 6, 2012, a 12A petition was filed notifying the Court of two positive drug screens for marijuana submitted by the offender. Said report was signed by Your Honor on November 14, 2012, ordering no action at that time, per the probation office's recommendation.

On February 7, 2013, a second 12A petition was filed notifying the Court of six positive drug screens for marijuana submitted by the offender. Said report was signed by Your Honor on February 11, 2013, ordering no action at that time, but the violations be held in abeyance per the probation office's recommendation.

On May 3, 2013, a 12C petition was filed notifying the Court of three positive drug screens for marijuana submitted by the offender. Said petition was signed by Your Honor on May 3, 3013, ordered the issuance of a summons.

At a revocation hearing on October 28, 2013, the parties agreed to continue the matter, and the hearing was reset for January 27, 2014. **At the revocation hearing on January 27, 2014, the parties agreed to continue this matter for six months to see whether Mr. Stewart could come into complete compliance with the conditions of his release.**

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the revocation hearing be scheduled and that the additional violations and/or information be considered at the revocation hearing. The U.S. Attorney's Office is agreeable with this recommendation.**

Approved: [signature]
Vidette Putman
Supervisory U.S. Probation Officer

**SENTENCING RECOMMENDATION**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**UNITED STATES V. TRAVIS DESHAN STEWART, CASE NO. 3:07-00066-01**

**GRADE OF VIOLATION:** **C**
**CRIMINAL HISTORY:** **VI**

**ORIGINAL OFFENSE DATE:** **POST APRIL 30, 2003** **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | **2 years (Class C felony)** *18 U.S.C. § 3583(e)(3)* | **8-14 months** U.S.S.G. § 7B1.4(a) | **none** |
| **SUPERVISED RELEASE:** | **3 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **1-3 years** U.S.S.G.§ 5D1.2(a)(2) | **none** |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release. 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to two years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Vidette Putman
Supervisory U.S. Probation Officer


**Defendant's Address:**

3626 Willow Creek Court
Nashville, TN 37207